**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MOBILE ENHANCEMENT SOLUTIONS LLC,**<br><br>          Plaintiff,<br><br>**v.**<br><br>**MOTOROLA MOBILITY, INC.; AT&T INC.; AT&T MOBILITY LLC; VERIZON COMMUNICATIONS INC.; CELLCO PARTNERSHIP INC. D/B/A VERIZON WIRELESS; SPRINT NEXTEL CORPORATION; AND SPRINT SPECTRUM L.P.**<br><br>          Defendants. | Civil Action No. ___<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mobile Enhancement Solutions LLC files this Complaint against Motorola Mobility, Inc., AT&T Inc., AT&T Mobility LLC; Verizon Communications Inc., CellCo Partnership Inc. d/b/a Verizon Wireless, Sprint Nextel Corporation, and Sprint Spectrum L.P. (collectively, "Defendants") for infringement of U.S. Patent No. 7,096,033 ("the '033 patent"), U.S. Patent No. 6,879,838 ("the '838 patent"), U.S. Patent No. 7,317,687 ("the '687 patent"), and/or U.S. Patent No. 6,415,325 ("the '325 patent").

## THE PARTIES

1.      Mobile Enhancement Solutions LLC ("MES") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

2.      Motorola Mobility, Inc. ("Motorola") is a Delaware corporation with its principal place of business in Libertyville, Illinois.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Northern District of Texas.

3.      AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Northern District of Texas.

4.      AT&T Mobility LLC (with AT&T Inc., "AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Northern District of Texas.

5.      Verizon Communications Inc. is a Delaware corporation with its principal place of business in New York, New York.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Northern District of Texas.

6.      Cellco Partnership Inc. d/b/a Verizon Wireless (with Verizon Communications Inc., "Verizon") is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey.  This Defendant may be served with process through its registered agent, The

Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Northern District of Texas.

7.       Sprint Nextel Corporation is a Kansas corporation with its principal place of business in Overland Park, Kansas. This Defendant may be served with process through its registered agent, Corporation Service Company, 200 S.W. 30th Street, Topeka, Kansas 66611. This Defendant does business in the State of Texas and in the Northern District of Texas.

8.       Sprint Spectrum L.P. (with Sprint Nextel Corporation, "Sprint") is a Delaware limited partnership with its principal place of business in Overland Park, Kansas. This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Northern District of Texas.

## JURISDICTION AND VENUE

9.       MES brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

10.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

12.      Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their

substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,096,033)

13. MES incorporates paragraphs 1 through 12 herein by reference.

14. MES is the assignee of the '033 patent, entitled "Mobile Apparatus Enabling Inter-Network Communication," with ownership of all substantial rights in the '033 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '033 patent is attached as Exhibit A.

15. The '033 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

16. Defendants have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, one or more claims of the '033 patent in this judicial district and elsewhere in Texas and the United States by or through their testing, making, using, offering for sale, selling, and/or importing of Motorola devices. Defendants have been, and now are, directly infringing claims of the '033 patent, including (for example) at least claims 1 and 3 through 8 of the '033 patent, by or through their testing, making, using, offering for sale, selling, and/or importing of Motorola devices (*e.g.*, the Motorola Atrix 4G and Atrix 2, sold or otherwise provided through AT&T; the Motorola Photon 4G, XPRT, and Admiral, sold or otherwise provided through Sprint; the Motorola Droid 2, Droid 2 Global, Droid 3, Droid 4, Droid X, Droid X2, Droid Pro, Droid Bionic, Droid Razr, Xoom, and XYBoard, sold or otherwise provided through Verizon) that are configurable to communicate data received from a first

communication network (*e.g.*, cellular network, WiFi network) to a second communication network (*e.g.*, WiFi network, cellular network). Additionally, Defendants have been and now are inducing and/or contributing to direct infringement of claims of the '033 patent, including (for example) at least claim 9 of the '033 patent, by end users of Motorola devices (*e.g.*, the Motorola Atrix 4G and Atrix 2, sold or otherwise provided through AT&T; the Motorola Photon 4G, XPRT, and Admiral, sold or otherwise provided through Sprint; the Motorola Droid 2, Droid 2 Global, Droid 3, Droid 4, Droid X, Droid X2, Droid Pro, Droid Bionic, Droid Razr, Xoom, and XYBoard, sold or otherwise provided through Verizon) that are configurable to communicate data received from a first communication network (*e.g.*, cellular network, WiFi network) to a second communication network (*e.g.*, WiFi network, cellular network) in accordance with Defendants' instructions.

17.     Upon information and belief, Motorola and AT&T test, make, use, offer for sale, sell, and/or import Motorola devices described in paragraph 16, including the Motorola Atrix 4G and Atrix 2, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Motorola and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

18.     Upon information and belief, Motorola and Sprint test, make, use, offer for sale, sell, and/or import Motorola devices described in paragraph 16, including the Motorola Photon 4G, XPRT, and Admiral, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Motorola and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

19.     Upon information and belief, Motorola and Verizon test, make, use, offer for sale, sell, and/or import Motorola devices described in paragraph 16, including the Motorola Droid 2,

Droid 2 Global, Droid 3, Droid 4, Droid X, Droid X2, Droid Pro, Droid Bionic, Droid Razr, Xoom, and XYBoard, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Motorola and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

20.      MES has been damaged as a result of Defendants' infringing conduct described in this Count I.  Defendants are, thus, liable to MES in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,879,838)

21.      MES incorporates paragraphs 1 through 20 herein by reference.

22.      MES is the assignee of the '838 patent, entitled "Distributed Location Based Service System," with ownership of all substantial rights in the '838 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '838 patent is attached as Exhibit B.

23.      The '838 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24.      Defendants have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, one or more claims of the '838 patent in this judicial district and elsewhere in Texas and the United States by or through their testing, making, using, offering for sale, selling, and/or importing of Motorola devices.  Defendants have been, and now are, directly infringing claims of the '838 patent, including (for example) at least claims 1, 3, and 9 of the '838 patent, by or through their testing, making, using, offering for sale, selling, and/or

importing of Motorola devices (*e.g.*, the Motorola Atrix 4G, Atrix 2, Bravo, FlipOut, Flipside, and Backflip, sold or otherwise provided through AT&T; the Motorola Photon 4G, XPRT, Admiral, Titanium, and i867, sold or otherwise provided through Sprint; the Motorola Droid 2, Droid 2 Global, Droid 3, Droid 4, Droid X, Droid X2, Droid Pro, Droid Bionic, Droid Razr, Citrus, Devour, Xoom, and XYBoard, sold or otherwise provided through Verizon) that provide location services and store location information. Additionally, Defendants have been and now are inducing and/or contributing to direct infringement of claims of the '838 patent, including (for example) at least claim 1 of the '838 patent, by end users of Motorola devices (*e.g.*, the Motorola Atrix 4G, Atrix 2, Bravo, FlipOut, Flipside, and Backflip, sold or otherwise provided through AT&T; the Motorola Photon 4G, XPRT, Admiral, Titanium, and i867, sold or otherwise provided through Sprint; the Motorola Droid 2, Droid 2 Global, Droid 3, Droid 4, Droid X, Droid X2, Droid Pro, Droid Bionic, Droid Razr, Citrus, Devour, Xoom, and XYBoard, sold or otherwise provided through Verizon) that are configured to provide location services and store location information in accordance with Defendants' instructions.

25. Upon information and belief, Motorola and AT&T test, make, use, offer for sale, sell, and/or import Motorola devices described in paragraph 24, including the Motorola Atrix 4G, Atrix 2, Bravo, FlipOut, Flipside, and Backflip, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Motorola and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

26. Upon information and belief, Motorola and Sprint test, make, use, offer for sale, sell, and/or import Motorola devices described in paragraph 24, including the Motorola Photon 4G, XPRT, Admiral, Titanium, and i867, pursuant to one or more contractual agreements

between them relating to, at least, the distribution and sale of such devices.   Accordingly, Motorola and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

27.      Upon information and belief, Motorola and Verizon test, make, use, offer for sale, sell, and/or import Motorola devices described in paragraph 24, including the Motorola Droid 2, Droid 2 Global, Droid 3, Droid 4, Droid X, Droid X2, Droid Pro, Droid Bionic, Droid Razr, Citrus, Devour, Xoom, and XYBoard, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, Motorola and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

28.      MES has been damaged as a result of Defendants' infringing conduct described in this Count II.   Defendants are, thus, liable to MES in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 7,317,687)

29.      MES incorporates paragraphs 1 through 28 herein by reference.

30.      MES is the assignee of the '687 patent, entitled "Transmitting Data Frames with Less Interframe Space (IFS) Time," with ownership of all substantial rights in the '687 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.   A true and correct copy of the '687 patent is attached as Exhibit C.

31.      The '687 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

32.     Defendants have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, one or more claims of the '687 patent in this judicial district and elsewhere in Texas and the United States by or through their testing, making, using, offering for sale, selling, and/or importing of Motorola devices.  Defendants have been, and now are, directly infringing claims of the '687 patent, including (for example) at least claims 1 and 5 of the '687 patent, by or through their testing and/or using of Motorola devices that communicate information over a data network (*e.g.*, an 802.11 network) using reduced interframe spacing (RIFS) (*e.g.*, the Motorola Atrix 4G and Atrix 2, sold or otherwise provided through AT&T; the Motorola Photon 4G, XPRT, and Admiral, sold or otherwise provided through Sprint; the Motorola Droid 2, Droid 2 Global, Droid 3, Droid 4, Droid X, Droid X2, Droid Pro, Droid Bionic, Droid Razr, Xoom, and XYBoard, sold or otherwise provided through Verizon). Additionally, Defendants have been and now are inducing and/or contributing to direct infringement of at least claims 1 and 5 of the '687 patent by selling or otherwise providing to end users Motorola devices that communicate information over a data network (*e.g.*, an 802.11 network) using reduced interframe spacing (RIFS) (*e.g.*, the Motorola Atrix 4G and Atrix 2, sold or otherwise provided through AT&T; the Motorola Photon 4G, XPRT, and Admiral, sold or otherwise provided through Sprint; the Motorola Droid 2, Droid 2 Global, Droid 3, Droid 4, Droid X, Droid X2, Droid Pro, Droid Bionic, Droid Razr, Xoom, and XYBoard, sold or otherwise provided through Verizon).

33.     Upon information and belief, Motorola and AT&T test, make, use, offer for sale, sell, and/or import Motorola devices described in paragraph 32, including the Motorola Atrix 4G and Atrix 2, pursuant to one or more contractual agreements between them relating to, at least,

the distribution and sale of such devices.   Accordingly, Motorola and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

34.     Upon information and belief, Motorola and Sprint test, make, use, offer for sale, sell, and/or import Motorola devices described in paragraph 32, including the Motorola Photon 4G, XPRT, and Admiral, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, Motorola and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

35.     Upon information and belief, Motorola and Verizon test, make, use, offer for sale, sell, and/or import Motorola devices described in paragraph 32, including the Motorola Droid 2, Droid 2 Global, Droid 3, Droid 4, Droid X, Droid X2, Droid Pro, Droid Bionic, Droid Razr, Xoom, and XYBoard, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, Motorola and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

36.     MES has been damaged as a result of Defendants' infringing conduct described in this Count III.  Defendants are, thus, liable to MES in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 6,415,325)

37.     MES incorporates paragraphs 1 through 36 herein by reference.

38.     MES is the assignee of the '325 patent, entitled "Transmission System with Improved Synchronization," with ownership of all substantial rights in the '325 patent, including

the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '325 patent is attached as Exhibit D.

39.     The '325 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

40.     Defendants Motorola and Verizon have infringed and continue to infringe directly, contributorily, and/or through the inducement of others, one or more claims of the '325 patent in this judicial district and elsewhere in Texas and the United States by or through their testing, making, using, offering for sale, selling, and/or importing of Motorola devices. Defendants Motorola and Verizon have been, and now are, directly infringing claims of the '325 patent, including (for example) at least claim 7 of the '325 patent, by or through their testing, making, using, offering for sale, selling, and/or importing of Motorola devices (*e.g.*, the Motorola Droid 4, Motorola Droid Razr, and Motorola Droid Bionic, sold or otherwise provided through Verizon) configured to operate on a communication network (*e.g.*, an LTE network) and extract a timing signal from data communicated over the network. Additionally, Defendants Motorola and Verizon have been and now are inducing and/or contributing to direct infringement of at least claim 1 of the '325 patent by selling or otherwise providing Motorola devices (*e.g.*, the Motorola Droid 4, Motorola Droid Razr, and Motorola Droid Bionic, sold or otherwise provided through Verizon) configured to operate on a communication network (*e.g.*, an LTE network) and extract a timing signal from data communicated over the network.

41.     Upon information and belief, Motorola and Verizon test, make, use, offer for sale, sell, and/or import Motorola devices described in paragraph 40, including the Motorola Droid 4, Motorola Droid Razr, and Motorola Droid Bionic, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.

Accordingly, Motorola and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

42.     MES has been damaged as a result of Motorola's and Verizon's infringing conduct described in this Count IV.  Defendants Motorola and Verizon are, thus, liable to MES in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JOINDER OF PARTIES

43.     MES incorporates paragraphs 1 through 42 herein by reference.

44.     On information and belief, each of AT&T, Verizon, and Sprint have purchased or otherwise obtained from Motorola devices for sale, resale, and/or distribution to their customers that are the subject of Counts I, II, III, and/or IV.  Thus, for these Counts, the right to relief against AT&T, Verizon, and/or Sprint is asserted jointly, severally, or in the alternative against Motorola.

45.     The alleged infringement of counts I through IV arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the Motorola devices that are the subject of Counts I through IV.

46.     Questions of fact common to all defendants will arise in this action including, for example, infringement by Motorola devices.

47.     Thus, Joinder of Motorola, AT&T, Verizon, and Sprint is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

MES hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

MES requests that the Court find in its favor and against Defendants, and that the Court grant MES the following relief:

a.    Judgment that one or more claims of the '033, '838, '687, and '325 patents have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants;

b.    Judgment that Defendants account for and pay to MES all damages to and costs incurred by MES because of Defendants' infringing activities and other conduct complained of herein;

c.    Judgment that Defendants account for and pay to MES a reasonable, on-going, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.    That MES be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e.    That MES be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  March 15, 2012**               Respectfully submitted,

/s/ Brent N. Bumgardner
Brent N. Bumgardner
Texas State Bar No. 00795272
Attorney-in-Charge
Edward R. Nelson, III
Texas State Bar No. 00797142
Ryan P. Griffin
Texas State Bar No. 24053687
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300

Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
enelson@nbclaw.net
bbumgarnder@nbclaw.net
rgriffin@nbclaw.net

**Attorneys for Plaintiff**
**Mobile Enhancement Solutions LLC**