**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MOBILE ENHANCEMENT SOLUTIONS LLC,** | |
| Plaintiff, | |
| **v.** | |
| **APPLE INC., ET AL.,** | |
| Defendants. | |
| **MOBILE ENHANCEMENT SOLUTIONS LLC,** | Civil Action No. 3:12-cv-00795-M<br>Civil Action No. 3:12-cv-00794-M<br>Civil Action No. 3:12-cv-00797-M |
| Plaintiff, | |
| **v.** | |
| **HTC CORPORATION, ET AL.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |
| **MOBILE ENHANCEMENT SOLUTIONS LLC,** | |
| Plaintiff, | |
| **v.** | |
| **MOTOROLA MOBILITY, LLC, ET AL.,** | |
| Defendants. | |

## JOINT REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's October 29, 2012 Order, the parties submit this Joint Report.  With the exception of certain items of disagreement set forth in Sections 12, 13, and 16, the parties agree on the discovery schedule and obligations set forth below.

1.     **A brief statement of the claims and defenses.**

**Plaintiff:**

Plaintiff Mobile Enhancement Solutions LLC ("MES") alleges that all Defendants infringe U.S. Patent Nos. 6,879,838 (the '838 patent); 7,096,033 (the '033 patent); and 7,317,687 (the '687 patent).  MES alleges that Defendants Apple Inc., HTC Corporation, HTC America, Inc., Motorola Mobility, LLC, AT&T Mobility LLC, and Cellco Partnership d/b/a Verizon Wireless infringe U.S. Patent No. 6,415,325 (the '325 patent).  In addition, MES alleges that Defendants in the Apple lawsuit (*Mobile Enhancement Solutions LLC v. Apple Inc., et al.*, Civil Action No. 3:12-cv-00795) also infringe U.S. Patent Nos. 6,094,648 (the '648 patent) and/or 6,148,080 (the '080 patent).  The asserted patents cover a range of technologies including wireless hotspots (the '033 patent), location services (the '838 patent), Wi-Fi communications (the '687 patent), LTE network communications (the '325 patent), mobile phone housings (the '080 patent), and graphical user interfaces for searching documents (the '648 patent).  MES will provide infringement contentions to Defendants in accordance with Patent Rule 3-1 and the schedule agreed to by the parties in this action.  MES has been damaged as a result of Defendants' infringing conduct.  Defendants are, thus, liable to MES in an amount that adequately compensates MES for Defendants' infringement, which, by law, cannot be less than a reasonable royalty.

**Defendants:**

Apple Inc. ("Apple"); HTC Corporation; HTC America, Inc. ("HTC"); Motorola Mobility, LLC ("Motorola Mobility"); AT&T Mobility LLC ("AT&T"); Cellco Partnership d/b/a Verizon Wireless ("Verizon"), and Sprint Spectrum L.P. ("Sprint") (collectively, "Defendants") have each answered the respective complaints, affirmatively pleading they are not infringing and

have not infringed any claim of United States Patents 7,096,033 (the "'033 patent"), 6,879,838 (the "'838 patent"), 7,317,687 (the "'687 patent"), 6,415,325 (the "'325 patent"), 6,148,080 (the "'080 patent"), and 6,094,648 (the "'648 patent") (collectively, the "Patents-in-Suit"),[1] either literally or under the doctrine of equivalents. Defendants have affirmatively pled that the Patents-in-Suit are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including §§ 101, 102, 103, and/or 112. The factual basis underlying Defendants' belief that the Patents-in-Suit are invalid will be set forth in the Defendants' Invalidity Contentions which will be disclosed in accordance with the Miscellaneous Order No. 62. In addition, Defendants have affirmatively pled that Plaintiff failed to state a claim upon which relief can be granted; that Plaintiff's claims for relief are barred, in whole or in part, by failing to comply with the marking and/or notice provisions of 35 U.S.C. § 287; that Plaintiff is estopped from construing any claim of the Patents-in-Suit to cover any of Defendants' products, processes, or methods under the doctrine of prosecution history estoppel; that Plaintiff lacks standing; and that Plaintiff's claims are barred in whole or in part under principles of equity, including laches, waiver, estoppel and/or unclean hands. Apple, Motorola Mobility, AT&T, Sprint, and Verizon have also raised defenses that Plaintiff's claims are barred at least in part by express and/or implied licenses. These licenses exhaust Plaintiff's claims against these defendants' customers as well.

---

[1] The '033, '838, and '687 patents are asserted against all Defendants. The '325 patent is asserted against Apple, AT&T, HTC, Motorola Mobility, and Verizon. The '080 patent is asserted against Apple, AT&T, Sprint, and Verizon. The '648 patent is asserted against Apple only.

Further to the defenses enumerated above, Defendants have filed counterclaims seeking a declaratory judgment that (1) they do not and have not infringed any claim of the Patents-in-Suit either literally or under the doctrine of equivalents, and (2) that the Patents-in-Suit are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including §§ 101, 102, 103, and/or 112.

Defendants have asked the Court to determine that this case is exceptional and that they be awarded their costs, expenses, and reasonable attorneys' fees in this action pursuant to 35 U.S.C. § 285.  Defendants have also asked the Court for an Order denying all relief requested by Plaintiff, and any other relief the Court may deem just, equitable, and proper.

On July 10 and 11, 2012, defendant Verizon filed Motions to Dismiss Plaintiff's Claims for Indirect Infringement in each of the three actions. (Dkt. Nos. 794-62, 795-69, 797-67).  The gravamen of the motions is that, although Plaintiff alleges that Verizon advertises and sells smartphones with certain features (such as the ability to "communicate over an LTE network"), those facts do not support an inference that Verizon specifically intended to cause infringement of Plaintiff's patents, which is an essential element of MES's claim that Verizon actively induced infringement under 35 U.S.C. § 271(b).  Even accepting the alleged facts as true, Verizon could be encouraging customers to obtain the features in a non-infringing manner, rather than encouraging infringement; therefore, MES's indirect infringement claim fails, as currently pleaded.  Plaintiff MES opposed Verizon's motions on July 31, 2012.  (Dkt. Nos. 794-64, 795-74, 797-70).  Verizon filed replies on August 14, 2012.  (Dkt. Nos. 794-65, 795-77, 797-72). The motions are fully briefed.

Pursuant to this Court's Order dated August 23, 2012, the Parties submitted a Joint Statement on September 6, 2012, agreeing that the three pending actions brought by Plaintiff

should be consolidated for the claim construction process and a single Markman hearing, and also to meet and confer for the purpose of attempting to devise a common discovery plan.

No issues exist regarding personal jurisdiction or venue.

On December 10, 2012, Apple filed a motion to transfer Case No. 3:12-cv-00795-M to the Northern District of California for trial. Apple's position is that the presence of Apple's witnesses and documents in the Northern District of California, inter alia, make it a more convenient venue for trial.

**2.     A proposed time limit to file motions for leave to join other parties.**

**Answer:** The parties agree that the deadline to join other parties without leave is April 1, 2013. Leave is required to join additional parties after April 1, 2013.

**3.     A proposed time limit to amend the pleadings.**

**Answer:** The parties agree that the deadline to amend pleadings without leave is July 19, 2013. Amendments to the pleadings filed after July 19, 2013 require leave.

**4.     A proposed time limit to file various types of motions, including dispositive motions.**

**Answer:** The deadline to file dispositive motions shall be 220 days after the Court's claim construction ruling.

**5.     A proposed time for initial designation of experts.**

**Answer:** The deadline for initial designation of experts shall be 120 days after the Court's claim construction ruling.

**6.     A proposed time for responsive designation of experts.**

**Answer:** The deadline for designation of responsive experts shall be 150 days after the Court's claim construction ruling.

**7.**     **A proposed time for objections to experts (*i.e.* Daubert and similar motions).**

**Answer:** The deadline for objections of responsive experts shall be 28 days after completion of expert discovery.

**8.**     **A proposed plan and schedule for discovery, a statement of subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

**Answer:** The parties anticipate that discovery will be needed on infringement and damages, as well as, Defendants' defenses and counterclaims.  In addition to the proposed deadlines set forth above, the parties respectfully propose the following schedule:

| ACTION | RULE | DEADLINE |
|---|---|---|
| Joint Report Due | Dkt. 80 | December 11, 2012 |
| Submit Proposed Protective Order and E-Discovery Order | | December 21, 2012 |
| Patentee serves Disclosure of Asserted Claims and Preliminary Infringement Contentions | P.R. 3-1 | January 7, 2013 |
| Patentee makes Document Production Accompanying Disclosure | P.R. 3-2 | January 7, 2013 |
| Initial Disclosures | Dkt. 80; FRCP 26(a)(1) | January 22, 2013 |
| Accused Infringers serve Preliminary Invalidity Contentions | P.R. 3-3 | March 21, 2013 |
| Accused Infringers make Document Production Accompanying Preliminary Invalidity Contentions | P.R. 3-4 | March 21, 2013 |
| Deadline to join other parties without leave of Court | | April 1, 2013 |
| All parties make Exchange of Proposed Terms and Claim Elements for Construction | P.R. 4-1(a) | April 23, 2013 |
| All parties meet and confer to discuss list of Proposed Terms and Claim Elements for Construction | P.R. 4-1(b) | May 7, 2013 |
| All parties make Exchange of | P.R. 4-2 | June 4, 2013 |

| ACTION | RULE | DEADLINE |
|---|---|---|
| Preliminary Claim Constructions and Extrinsic Evidence | | |
| All parties meet and confer to discuss Preliminary Claim Constructions and Extrinsic Evidence | P.R. 4-2(c) | June 25, 2013 |
| All parties jointly file Joint Claim Construction and Prehearing Statement | P.R. 4-3 | July 9, 2013 |
| Completion of Claim Construction Discovery | P.R. 4-4 | August 16, 2013 |
| Objections to claim construction experts (if needed) | | July 9, 2013 |
| All parties file opening claim construction brief | P.R. 4-5(a) | September 6, 2013 |
| All parties file responsive claim construction brief | P.R. 4-5(b) | October 4, 2013 |
| Deadline to Notify the Court of the Selection of the Mediator | | November 1, 2013 |
| Parties file Joint Claim Construction Chart | P.R. 4-5(c) | -10 days from the date the claim construction hearing is scheduled |
| Claim Construction Hearing (Patents Common to all Defendants – Day 1) | P.R. 4-6 | November 14, 2013 at 9:00 a.m. (subject to the convenience of the presiding judge's calendar.) |
| Claim Construction Hearing (Defendant-Specific Patents – Day 2) | P.R. 4-6 | November 15, 2013 at 9:00 a.m. (subject to the convenience of the presiding judge's calendar) |
| Submit Technology Tutorials | P.R. 2-1(a) | November 8, 2013 |
| Accused Infringer makes disclosure relating to willfulness | P.R. 3-8 | 45 days after claim construction order |
| Deadline for post-claim construction mediation | LR 16.3 | 45 days after Claim Construction Order |
| Patentee makes Final Infringement Contentions | P.R. 3-6(a) | 30 days after claim construction ruling |
| Accused Infringer makes Final Invalidity Contentions | P.R. 3-6(b) | 50 days after claim construction ruling |
| Deadline for completion of all fact discovery | | 90 days after claim construction ruling |
| Deadline for disclosure of expert testimony on issues for which a party bears the burden of proof | Fed. R. Civ. P. 26(a)(2) | 120 days after claim construction ruling |
| Deadline for disclosure of rebuttal expert testimony | Fed. R. Civ. P. 26(a)(2) | 150 days after claim construction ruling |

| ACTION | RULE | DEADLINE |
|---|---|---|
| Deadline for completion of expert discovery | | 195 days after claim construction ruling |
| Deadline to file amended pleadings without leave of Court | | July 19, 2013 |
| Deadline for objections to other parties' expert witnesses | Court's Requirements § I(C) | 28 days after completion of expert discovery |
| Deadline for filing all *Daubert* motions | | 28 days after completion of expert discovery |
| Deadline for filing dispositive motions, including motions on invalidity and unenforceability | LR 56.2; Court's Requirements § I(C) | 220 days after claim construction ruling |
| **CASE SPECIFIC DEADLINES (SUBJECT TO COURT'S SCHEDULE)**<br><br>Pursuant to the Court's October 29, 2012 Order, the Parties have discussed the other deadlines, including discovery deadlines that the parties believe should be shared between the cases. The Parties agree that deadlines should be shared between the cases through the conclusion of summary judgment briefing. Plaintiff respectfully requests the Court set an initial pretrial conference date and trial date for each of the above matters. Defendants respectfully suggest that the topic of trial dates should be taken up after the Court has issued a claim construction ruling. The parties agree that the remaining deadlines are based upon the respective initial pretrial conference and trial dates as set by the Court. | | |
| Deadline for parties to make pretrial disclosures | Fed. R. Civ. P. 26(a)(3); LR 26.2; Court's Requirements §§ III(A)(2), IV(A) | At least 30 days before initial pretrial conference |
| Patentee to provide to other parties its information for Joint Final Pretrial Order, Proposed Jury Instruction and Verdict Form | | At least 30 days before initial pretrial conference |
| Defendants and Third-parties to Provide to Patentee their information for Joint Final Pretrial Order, Proposed Jury Instruction and Verdict Form | | At least 30 days before initial pretrial conference |
| Parties to file Proposed Joint Pretrial Order | LR 16.4; Court's Requirements § I(F) | At least 21 days before the initial pretrial conference. |
| Parties to file Motions in Limine. Prior to initial pretrial conference, parties shall confer with each other regarding the other party's Motions | Court's Requirements § II(A)(3) | At least 14 days before the initial pretrial conference. |

| ACTION | RULE | DEADLINE |
|---|---|---|
| in Limine and shall submit to the Court in writing any objections they may have to the other party's Motions in Limine. | | |
| Parties to file proposed jury instructions or proposed findings of fact and conclusions of law. | Court's Requirements § IV(C) | At least 14 days before the initial pretrial conference. |
| Parties to file objections to exhibits and objections to deposition designations.  Prior to initial pretrial conference, parties shall confer with each other regarding the other party's deposition designations and exhibits and shall submit to the Court in writing any objections they may have to the other party's, deposition designations and exhibits. | Court's Requirements § IV(F) | At least 7 days before the initial pretrial conference. |
| Initial Pretrial Conference and hearing on Motions in Limine if required and hearing on objections to deposition designations and exhibits | Court's Requirements § I(A) | Court will set at a later date.  The parties ask that the initial pretrial conference be scheduled at least 120 days after the deadline for filing dispositive motions. |
| Final Pretrial Conference | Court's Requirements § I(G) | During week prior to trial. |
| Jury Selection before Judge Barbara M.G. Lynn | | Court will set at a later date. |

9. <u>**What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**</u>

**Answer:** The parties propose proposes the following limitations on discovery, which may be modified either by agreement or with leave:

**Interrogatories**:

Collectively, MES shall be allowed 20 common interrogatories to serve on all Defendants.  MES shall be allowed 20 additional individual interrogatories to serve as it chooses

on each of the individual Defendant Groups (a Defendant Group is defined for the purpose of this Order as those parties who are related corporate entities).

Collectively Defendants shall be allowed 20 common interrogatories to serve on Plaintiff. Further, each Defendant Group shall be allowed 20 additional individual interrogatories to serve as it chooses on Plaintiff.

**Fact Depositions:**

Plaintiff may take up to 70 hours of fact depositions of Apple Inc., of which up to 30 hours may be Rule 30(b)(6) depositions. Plaintiff may collectively take up to 70 hours of fact depositions of HTC (HTC Corporation and HTC America, Inc.), of which up to 30 hours may be Rule 30(b)(6). Plaintiff may take up to 70 hours of fact depositions of Motorola Mobility LLC, of which up to 30 hours may be Rule 30(b)(6) depositions. With respect to the Remaining Defendant Groups (AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, and Sprint Spectrum L.P.), Plaintiff may take up to 50 hours of fact depositions per Remaining Defendant Group, of which up to 30 hours may be Rule 30(b)(6) depositions.

Defendants may collectively take up to 70 hours of Rule 30(b)(6) and/or Rule 30(b)(1) depositions of Plaintiff. Defendants may collectively take up to 30 hours of Rule 30(b)(6) depositions of Plaintiff.

Plaintiff and Defendants, collectively, may each take up to 140 hours of third party depositions. The Parties agree that Rule 30(b)(1) depositions are subject to the presumptive limit of 7 hours under Rule 30 (unless good cause is shown).

Nothing in this section precludes a Party from seeking protection from abusive discovery practices.

The foregoing limitations do not apply to depositions of experts.

The foregoing limitations are without prejudice to the right of Plaintiff or Defendants to request additional hours from the Court for good cause shown or for the parties to agree to additional deposition testimony.

The number of hours charged to a party taking a deposition where the witness testifies in a language other than English shall be seventy percent (70%) the amount of the actual time spent on the record.

**10.** **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

**Answer:** The parties propose that the parties follow the Federal Circuit's model e-discovery order, as modified by agreement of the parties.  The parties will submit a proposed E-Discovery Order to the Court by December 21, 2012.  The parties are working to finalize an agreement regarding the form of production of certain types of documents that will be embodied in that Order.

**11.** **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

**Answer:**

**Privilege Log:**

The parties stipulate that no party shall be required to identify on a privilege log any document or communication dated on or after the filing of the lawsuit which, absent this provision, the party would have been obligated to so identify on said privilege log. The parties further stipulate that Defendants shall not be required to identify on their privilege logs any documents or communications exchanged exclusively among and between counsel participating in joint defense/common interest groups, where the document or communication was created or

11

exchanged during the pendency of this lawsuit and which Defendants, in good faith, believe to be protected from discovery.

**Expert Discovery:**

Testifying experts shall not be subject to discovery on any draft of their reports involving the patents-in-suit and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work involving the patents-in-suit, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any opinion in this case. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product for the purposes of this litigation.

**12.** **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded.**

**Answer:** Plaintiff proposes three (3) separate five (5) day trial settings in the November 2014 timeframe. A jury has been demanded. Defendants propose three (3) separate trial settings in a timeframe to be determined after the Court has issued a claim construction ruling. Defendants believe that each case may be different at the time that final pre-trial preparations are being made, particularly given the diversity of products and patents at issue in the cases. However, at this time, Defendants estimate that each trial will take between 10 and 15 court days if all patents

raised in each of the complaints are pursued at trial in this matter.  Apple has filed a motion to transfer its case to the Northern District of California for trial.

**13.     A proposed date for further settlement negotiations.**

**Answer:** The parties agree that a late mediation should occur within 45 days of the Court's claim construction ruling.  The parties disagree as to whether the Court should require an early mediation.  Plaintiff contends that an early mediation (prior to Defendant's P.R. 3-3 and 3-4 obligations) may be effective in resolving this matter.  Defendants believe that a mediation occurring before a claim construction ruling will not advance settlement discussions further than their informal settlement discussions will be able to.

**14.     Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

**Answer:** The parties propose serving initial disclosures by January 22, 2013.

**15.     Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Irma Carrillo Ramirez.**

**Answer:** The parties do not consent to trial before U.S. Magistrate Judge Irma Carrillo Ramirez.

**16.     Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discover, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

**Answer:** The parties agree that mediation may be effective in resolving this litigation.  The parties disagree on when mediation will be most effective.  Plaintiff believes that a two-phased

mediation with a first phase (prior to Defendant's P.R. 3-3 and 3-4 obligations) and a second phase (after the Court's claim construction ruling) is the most effective way to effectuate a resolution of the issues in this case. Defendants request that any court-ordered mediation be timed to occur after the Court's claim construction ruling, after all parties and claims have been added to the various cases (per the proposed deadlines), and after the issues have been further solidified through the required Patent Local Rules disclosures.

**17.** **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

**Answer:** The parties ask the Court to enter a Scheduling Order and Discovery Plan as outlined above. Moreover, because the various consolidated cases have different patents asserted against different entities (for example, Apple is accused of infringing six patents, while Motorola Mobility is accused of infringing only four), the parties ask the Court to conduct two *Markman* hearings—a first addressing the patents asserted against all Defendants, and a second addressing patents asserted against only a subset of Defendants—as proposed above. The parties believe that such a procedure will avoid subjecting certain Defendants from having to participate in the presentation of issues that are not consequential to them, and will likely lead to a simpler presentation of the issues as between the various patents.

**18.** **Whether a conference with the Court is desired.**

**Answer:** The parties do not believe a conference with the Court is necessary.

**19.** **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

**Answer:** The parties are currently discussing a modified Protective Order. Plaintiff believes the Protective Order located in Local Patent Rules ensures appropriate handling of all materials that

will be produced in this case.  Defendants believe that certain modifications to the form Protective Order located in Local Patent Rules are appropriate in order to tailor the order to the circumstances of the present cases.  The parties will submit any issues that remain from their discussions to the Court for resolution by December 21, 2012 and ask that the Court enter an appropriate Protective Order .

**Dated:  December 11, 2012**                              Respectfully submitted,

/s/Brent N. Bumgardner
Brent N. Bumgardner
Texas State Bar No. 00795272
Attorney-in-Charge
Edward R. Nelson, III
Texas State Bar No. 00797142
Ryan P. Griffin
Texas State Bar No. 24053687
Steven W. Hartsell
Texas State Bar No. 24040199
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
enelson@nbclaw.net
bbumgarnder@nbclaw.net
rgriffin@nbclaw.net
shartsell@nbclaw.net

**Attorneys for Plaintiff**
**Mobile Enhancement Solutions LLC**

/s/ Casey L. Griffith
Casey L. Griffith
Texas Bar No. 24036687
Klemchuk Kubasta LLP
Campbell Centre II
8150 North Central Expressway
10th Floor
Dallas, TX 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

15

casey.griffith@kk-llp.com
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
**Attorneys for Defendant**
**Apple Inc.**

/s/ Brett C. Govett
Brett C. Govett
Texas State Bar No. 08235900
bgovett@fulbright.com
FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

**Attorneys for Defendant**
**AT&T Mobility, LLC**

/s/ Andrew R. Sommer

William A. Munck
Texas State Bar No. 00786127
wmunck@munckwilson.com
Jamil N. Alibhai
Texas State Bar No. 00793248
jalibhai@munckwilson.com
MUNCK WILSON MANDALA, LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: (972) 628-3600
Facsimile: (972) 628-3616

Andrew R. Sommer (admitted pro hac vice)
asommer@winston.com
Winston & Strawn LLP
1700 K. Street, N.W.
Washington, D.C.  20006
Telephone:  (202) 282-5896
Facsimile:  (202) 282-5100

Garet K. Galster (admitted pro hac vice)
ggalster@winston.com
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL  60601

Telephone: (312) 558-7490
Facsimile:  (312) 558-5700

**Attorneys for Defendants**
**Motorola Mobility, LLC**


/s/ E. Leon Carter
E. Leon Carter
Texas State Bar No. 03914300
J. Robert Arnett II
Texas State Bar No. 01332900
Joshua Bennett
Texas State Bar No. 24059444
CARTER STAFFORD ARNETT
HAMADA & MOCKLER, PLLC
8150 N. Central Expressway, Suite 1950
Dallas, Texas 75206
(214) 550-8188 (phone)
(214) 550-8185 (fax)
lcarter@carterstafford.com
barnett@carterstafford.com
jbennett@carterstafford.com

**Attorneys for Defendant**
**Cellco Partnership d/b/a Verizon Wireless**

/s/ Jeffrey G. Hamilton
Jeffrey G. Hamilton
Texas SBN 00793886
Jackson Walker LLP
901 Main St, Ste 6000
Dallas, TX 75202-3797
Tele: (214) 953-6000
Email: jhamilton@jw.com

/s/ Mark W. McGrory
Mark W. McGrory
Kansas Bar No. 12316
Rouse Hendricks German May, P.C.
1201 Walnut, 20th Floor
Kansas City, MO 64106
Tele: (816) 471-7700
Email: MarkM@rhgm.com
**Attorney for Defendant**
**Sprint Spectrum, L.P.**

17

/s/ Alan D Albright
Alan D. Albright
State Bar No. 00973650
Barry Shelton
State Bar No. 24055029
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone: (512) 472-7800
Facsimile: (512) 472-9123

**Attorneys for Defendant**
**HTC Corporation and**
**HTC America, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/Brent N. Bumgardner